DAVID S. CRAIG, surviving executor of JOHN TERRILL, appellant, and MARY T. MANNING and others, respondents.

How executors chargeable with interest.
Costs allowed out of estate.

In the Court of Chancery, on a bill filed by the persons above named as respondents, against David S. Craig, surviving executor of the will of John Terrill, deceased, the above mamed appellant, an interlocutory decree was made, declaring, that the complainants are entitled to relief; and that the bequest of 251 shares of stock in the Great Western Turnpike, in the State of New York, is an absolute specific legacy, and is a vested legacy in each of the legatees, of portions thereof, and assignable; and directs a reference to a Master, to take an account of the dividends received by the defendant, Craig, the executor, on the said 251 shares, and when; and to whom he has paid the same, and when, and the interest which has accrued on the same, and how much remains in his hands, and how much is due and owing on the share of each legatee, and who is now entitled to the same, and the amount of their respective interests; and to take an account of the sum due on the mortgage given by Sarah Terrill to him the said executor, and by him received from Charles Hall, or which he was entitled to receive, and when and of whom the said executor received the same, and when and how he invested the same; and that the Master charge the said executor with all the interest which he has received on the same, or which by the use of due and ordinary diligence he might have received, while the same was not on deposit in the Rahway Bank, and how much thereof remains in his hands.    And the Chancellor reserved all further equity between the parties, and all other questions, and all further directions, and the question of costs, until the Master should have made his report.

The Master reported, that the executor had received for the

dividends on the said Turnpike stock          -          $5,291.80

That the executor has paid of the dividends received by him, to various persons entitled to the same, exclusive of certain dividends on Sarah H. Wade's share, after mentioned     -     -     $3,878.43

That, of the said dividends, there now remains in the hands of the executor, including certain dividends on Sarah H. Wade's share, after mentioned     -          1,413.37

The Master then gives the names of the persons entitled to shares in the stock and their respective shares; and reported that the complainant, Mary T. Manning, is entitled to one-eighth, or 31 3-8 shares; and that the complainant Samuel H. Humphrey, as trustee for Sarah H. Wade, is entitled to one-eighth, or 31 3-8 shares.

The Master then states, that, at the request of the parties attending, he has calculated and stated an account of interest that will be due and payable to the said Mary T. Manning, and Sarah H. Wade, on the dividends due on the shares formerly Deborah T. Terrill's, and by her assigned to the said Mary and Sarah, if it be decided that interest is to be paid to the said Mary and Sarah upon said dividends; and reports, that there is due, at the date of his report, for interest on the dividends so due to the said Mary T. Manning     -     -     $653.26

And that, if the said Mary T. Manning and Sarah H. Wade be entitled to the interest upon the dividends of the shares formerly Deborah T. Terrill's, and transferred as aforesaid, now remaining in the hands of the executor, there is due for interest thereon     -          176.45

The Master then gives a statement and account of $100 advanced by the executor to Sarah H. Wade, February 29, 1834, and the appropriations of dividends on said Sarah's share to the

settlement thereof; and finds, that, on the 30th of November, 1844, there was due to Sarah's trustee   -   -   $5.95

The Master then states, that Sarah H. Terrill, the widow of the testator, died July 17, 1832.

That on the 4th of April, 1833, the executor received, on the mortgage for $6,000, given by Sarah Terrill to him, from Chas. Hall, (who had bought the mortgaged premises at a sale thereof by the administrator of said Sarah H. Terrill,) the sum of $6,000, and thereupon released the bonds secured by the said mortgage from the lien thereof; and that the executor was entitled to receive, as well the interest on the said $6,000, from July 17th, 1832, to April 4th, 1833, as the said principal sum, and by ordinary diligence might have received the same; and that the amount of principal and interest due on the said mortgage on the 4th of April, 1833, and which the executor was then entitled to receive, was $6,257.42.

That, on the 4th of April, 1833, the executor deposited $6,000 in the Rahway Bank. That it appears from the bank book of the executor, that parts of said money were, from time to time drawn out; that the whole amount was drawn out January 5th, 1837, and retained by the executor until December 14th, 1841. That the executor has furnished him with no documents or memoranda by which to ascertain the amount of interest which the executor had or might have received upon the said money while the same was not on deposit in the Rahway Bank, except his said bank book. And the Master reports that, as nearly as he can ascertain by the evidence in his power, the executor has received, or by ordinary and due diligence might have received, for the interest of said money while the same was not on deposit in the Rahway Bank   -   -   $2,211.22

That, if the executor be charged with interest on the $257.42, which he was entitled to receive and should have received, as aforesaid, on the said $6,000 so received by him on the 4th of April, 1833, there is due at the date of the report, for interest on the said $257.42, the sum of   -   -   $180.02

Exceptions were filed to the Master's report as follows :

1. That the Master has charged the executor with compound interest, whereas he should have charged simple interest only.

2. That the Master, in his account of cash paid by the executor on the Turnpike stock, has credited the executor in September, 1819, with $301.55, whereas the credit should have been for $344 61; and has credited, in 1832, $166.23, whereas the credit should have been $193.94 ; and has credited, in 1833, $165.95, whereas the credit should have been $193.60 ; and has credited, in 1840, $78.75, whereas the credit should have been $98.42 ; and has credited, in 1841, $62.78, whereas the credit should have been $78.40.

3. That the Master, in his account showing the amount of dividends now remaining in the executor's hands, has credited the executor for cash paid, $3,878.43; whereas the credit should have been $4,120.82.

4. (These exceptions depend on the 2d.)

5. That the Master has charged the executor with $653.26 for interest to Mary T. Manning on dividends due her on the said turnpike stock, whereas he ought not to have charged the defendant with any interest whatever.

6. That the Master has charged the executor with $176.45 for interest to Mary T. Manning and Sarah H. Wade, on the share of turnpike stock formerly Deborah Terrill's, whereas he ought not to have charged the executor with any interest whatever.

7. That the Master has charged the executor with $257.42 for so much money received, or which ought to have been received by him, on the bond and mortgage given by Sarah Terrill to the executor, and has charged the executor with $180 for interest on the said sum of $257.42, whereas the Master ought not to have charged the executor with either of said sums.

8. That the Master has charged the executor with $2,211.22 for interest on the said $6,000, whereas he ought not to have charged the executor with interest.

50

The decree of the Chancellor was as follows :

THE CHANCELLOR. As to the first exception, I do not discover any compound interest. I presume this exception relates to the interest charged on the $257.42, which the Master says was due on the $6,000 mortgage when the executor received the $6,000, and which $257.42 the Master says the executor was entitled to, and should have received, instead of releasing the mortgaged premises on receiving the principal sum.

If the executor is chargeable with the amount of principal and interest due on the mortgage, the principal and interest is the sum which he must be held to have received on this security ; and the fact that a part of the whole sum which he received was for interest money does not vary his liability to pay interest on it.

As to the second exception, the receipts furnished me for the purpose of examining the several items of this exception do not show error in the Master's credits, or any of them. I cannot tell that the Master is certainly right in the amounts credited by him for the years 1832 and 1833 ; but the receipts furnished me do not show that he is wrong. The receipts furnished me for these two years amount to more than the Master has credited ; but one of these receipts, dated July 15th, 1833, given by Oliver S. Terrill, for $127.86, is in full for turnpike dividends, belonging to said Terrill, received by the executor up to that date. Whether the Master has credited the executor with said Terrill's dividends for former years as being covered by this receipt, I cannot tell from the papers furnished to me.

The third and fourth exceptions depend on the second.

The fifth and sixth exceptions are, that the Master has charged the executor with interest on the dividends of turnpike stock received by him and not paid over to the complainants.

The interlocutory decree directs the Master to take an account of the dividends received by the executor, and when ; and to whom he has paid the same, and when ; and the interest which has accrued on the same ; and how much remains in his hands, and how much is due and owing on the share of each legatee.

It does not expressly say that the executor shall be charged with interest on the dividends.

The Master, in his report, says, that, at the request of the parties attending him, he has stated an account of the interest that will be payable by the executor on the dividends, if it be decided that interest be paid thereon; and in making this statement he commences his calculations of interest from the 1st of the month succeeding the month in which the dividends were payable.

There is nothing here which calls for the sending the matter back to the Master. The question, whether the executor shall be charged with interest on the dividends, may be considered as included in the equity reserved. And, if the executor is finally charged with interest on the dividends, and the Court should think it ought not to commence so soon, a time can be fixed from which it shall commence.

As to the seventh exception: The Master reports, that there was $257.42 of interest due on the $6,000 mortgage when the executor received the said principal sum and released the mortgaged premises; and therefore charges the executor with the $257.42 in addition to the principal sum, and with interest on the $257.42. The question raised by this exception seems to depend upon the terms on which the mortgaged premises were sold by the administrator of Sarah Terrill, the mortgagor. If the farm was sold subject to the payment of the principal and interest due on the mortgage, the executor of Terrill is accountable for the interest. The defendant does not say, in his answer, how it was sold. The presumption is, that it was sold subject to the payment of what was due on the mortgage for principal and interest.

But the question whether the executor should be charged with this $257.42 may depend upon other considerations which appear in the case, and properly belong to the equity reserved. It is not necessary to send the report back on this account.

As to the 8th exception: The Master charges the executor with $2,211.22 for interest on the $6,000 while not on deposit in the Rahway Bank. The answer admits that the executor re-

ceived, for interest, $264.45 and $1710, amounting, together,. to 1974.45.

On examining the date on which the Master's calculations are based, I do not see any error in his result.

Let the cause be brought to hearing on the equity reserved.

After the hearing on the equity reserved, the Chancellor corrected certain errors in schedules 3 and 5 of the Master's report..

And charged the executor with interest on the amount of the dividends received by him on the said turnpike stock, from the expiration of twenty days after the dividend for the whole year had accrued.

And charged the executor with the sum of $2211.22, for interest on the said $6,000, the proceeds of the bond and mortgage of Sarah Terrill, deceased, as reported by the Master.

And charged the executor with the sum of $257.42, being the interest which was due on the said bond and mortgage when the executor received the principal sum secured thereby and released the mortgaged premises : and with interest on the said $257.42, as reported by the Master.

And charged the executor with the costs of the complainants in Chancery. And a decree was signed accordingly.

From that decree an appeal was taken to this Court.

P. D. *Vroom* for the appellant.

W. *Halsted* for the respondents.

The following decree was thereupon made, all the members of the Court concurring :

That the appellant ought not to be charged with interest on the dividends received by him on the shares of stock in the Great Western Turnpike, belonging to the complainants, prior to November 30th, 1844, the date of the Master's report; but that,. after correcting the errors in Schedules 3 and 5 of the Master's

report according to the decree of the Chancellor, he should be charged with interest upon the amount of dividends in his hands from said November 30th, at which time the rights of the parties respectively thereto were ascertained and not excepted to. And also that the appellant is bound to account for the sum of $2,211.22, as interest on the money in his hands, the proceeds of the bond and mortgage of Sarah Terrill, deceased, as reported by the Master; and also that the appellant is chargeable with the sum of $257.42, being the interest which accrued on the said bond and mortgage from the time of the death of said Sarah Terrill to the day of the payment of the principal, *i. e.*, April 4th, 1833, but that, having never received the same, he is not chargeable with interest thereon. And the Court being further of opinion that the appellant should be charged with interest on the sum of $8,211.22, the principal of the bond, with the interest actually received by him thereon, and also upon the said sum of $257.42, above mentioned, from June 21, 1851, the date of the decree below, first deducting thereout his reasonable commissions and counsel fees and expenses, as of June 21, 1851, and that the appellant be further charged with interest upon the said sums or such portions thereof (if any) as he may have had at interest or used between the said 30th of November, 1844, and the said 21st of June, 1851; and, also, that the appellant ought not to be charged with the cost of the complainant below, but that he be allowed his costs and counsel fees up to the date of the Chancellor's decree; and that the costs of the complainant and of the defendants who have appeared and answered, and also the costs, charges, commissions and counsel fees of the said David S. Craig, the appellant, be allowed and paid out of the funds in the hands of the said appellant; and that the Chancellor should have so decreed. It is therefore ordered that the decree of the Chancellor be reversed; and that the record and proceedings be remitted to the Court below, to be proceeded in according to the opinion and judgment of this Court, as above expressed and set forth.

Decree reversed.